**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

VICTOR BAILEY,

                Petitioner,

     v.                                           No. 03-CV-1334
                                                     (NPM/DRH)

P.W. ANNETTS, Superintendent of Wallkill
Correctional Facility,

                Respondent.
-----------------------------------------------------------------

**APPEARANCES:**                        **OF COUNSEL:**

VICTOR BAILEY
Petitioner Pro Se
98-A-1668
Wallkill Correctional Facility
Box G
Wallkill, New York 12589-0286[1]

HON. ELIOT SPITZER                  BRIDGET E. HOLOHAN, ESQ.
Attorney General for the State       Assistant Attorney General
   of New York
Attorney for Respondent
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

---

      [1]Bailey has been released from custody. See note 3 infra. The last communication from the Court was mailed to Bailey at the Wallkill Correctional Facility address on or about January 12, 2006. Docket No. 24. Bailey has provided no current address as required by N.D.N.Y.L.R. 10.1(b)(2) ("All . . . pro se litigants must immediately notify the Court of any change of address. . . ."). As Wallkill is the last known address for Bailey, this report-recommendation shall be served upon him at that address. However, it is noted that Bailey's failure to keep the Court apprised of his current address may lead to the dismissal of his petition here as an alternative to the recommended denial of the petition made herein. See Michaud v. Williams, No. 98CV1141LEKGLS, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, J.).

**REPORT-RECOMMENDATION AND ORDER**[2]

Petitioner pro se Victor Bailey ("Bailey") was formerly an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). After a jury trial in Schenectady County, Bailey was found guilty on October 10, 1997 of two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree, and two counts of criminal possession of a controlled substance in the seventh degree. Bailey was sentenced to an aggregate indeterminate term of ten to twenty years imprisonment.[3] Bailey now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) he was denied the effective assistance of trial counsel, (2) the prosecutor engaged in misconduct, (3) there was insufficient evidence to support his conviction, (4) he received a harsh and excessive sentence, and (5) the trial judge was biased. For the reasons which follow, it is recommended that the petition be denied.

**I. Background**

On October 30, 1996, New York State Trooper Robert Barksdale was working undercover with Investigator Steven James as part of a community narcotics team. T. 555.[4]

---

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

[3] Bailey was released on parole on April 6, 2005, but the DOCS website indicates that the maximum expiration date relating to his sentence does not expire until April 10, 2017. See DOCS Inmate Information, http://nysdocslookup.docs.state.ny.us/kingw00 (visited Nov. 30, 2006). Therefore, Bailey is "in custody" for the purpose of the habeas statute. See Dixon v. Miller, 293 F.3d 74, 78 (2d Cir. 2002); see also Gary v. Conway, No. 9:03-CV-480 (LEK), 2006 WL 3290149, at *3-4 (N.D.N.Y. Nov. 13, 2006).

[4] "T." followed by a number refers to the pages of the trial transcript included with respondent's answer. Docket No. 22.

As part of the officers' undercover work, they drove around in an unmarked police car attempting to purchase narcotics from individuals on the streets of the City of Schenectady. T. 558-60. On that date, Barksdale and James observed Bailey and another individual, Jason Smith (also known as James Brown ("Brown")), walking on Albany Street in Schenectady. T. 564-66. Barksdale pulled his vehicle over and the undercover officers asked Bailey if he had any "twenties."[5] T. 565-66. Both Bailey and Brown then approached the vehicle, Barksdale asked specifically for a "twenty," and he handed Bailey a $20 bill. T. 566. Brown then handed Barksdale a small plastic bag which later field-tested positive for cocaine. T. 566-68. After making the purchase, the officers left the area and radioed a back-up team with the individuals descriptions and location. T. 568.

Bailey was arrested and indicted. SR. 166-68.[6] After a jury trial, Bailey was found guilty on all counts. T. 989-92. He was sentenced as indicated above. RA. 151-53.[7] On June 6, 2002, the Appellate Division affirmed the felony convictions but reversed and dismissed the misdemeanor convictions for seventh degree possession. See People v. Bailey, 743 N.Y.S.2d 610, 614-15 (3d Dep't 2002). Application for leave to appeal to the New York Court of Appeals was denied on October 28, 2002. See People v. Bailey, 781 N.E.2d 918 (N.Y. 2002). Bailey also filed a motion to vacate his sentence, which was denied on September 30, 2004. Docket No. 22.

---

[5] "A '20' is common parlance in the drug trade for a $20 packet of crack cocaine." People v. Bailey, 743 N.Y.S.2d 610, 612 n.1 (3d Dep't 2002).

[6] "SR." followed by a number refers to the pages of the state court records included with respondent's answer. Docket No. 22.

[7] "RA." followed by a number refers to the pages of the people's record on appeal included with respondent's answer. Docket No. 22.

## II.  Discussion

### A. Exhaustion

As a threshold matter, respondent contends that Bailey failed to exhaust any issue regarding his trial counsel's failure to take exception to the jury instructions.  An application for a writ of habeas corpus may not be considered until a petitioner has exhausted all remedies available in state court unless there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b).  To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in the habeas corpus petition.  Substantive exhaustion requires that a petitioner "fairly present" any constitutional claims to the state courts.  Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  To "fairly present" a constitutional claim, a claim must be asserted so that the state court has notice and an opportunity to consider and correct the asserted constitutional defect.  While the claim need not recite chapter and verse of the Constitution, it must inform the state of a specific factual and legal basis for the claim and "call to mind a specific right protected by the Constitution." Daye v. Attorney Gen. of N.Y., 696 F.2d 186, 191-94 (2d Cir. 1982).

On direct appeal, Bailey argued that the jury charge given by the county court at trial neglected to give the jury an instruction on identification.  SR. 162.  Bailey also argued that "[a]ssuming, arguendo, that this [appellate] Court finds that [this] issue [was] not preserved for appeal, the defendant-appellant respectfully asserts that the failure of the defense

counsel to present these arguments consititute[s] ineffective assistance of counsel." SR. 163. However, the Appellate Division found that the issue was preserved, but determined that "the County Court's identification charge was sufficient, as detailed instructions on the issue are unnecessary." Bailey, 743 N.Y.S.2d at 614. Thus, because the issue was decided on its merits, there was no need for the Appellate Division to reach Bailey's ineffective assistance of counsel claim regarding his counsel's failure to object to the jury instructions.

Therefore, the petition on this ground should be denied as procedurally barred.

### B. Procedural Default

Respondent contends that Bailey's claim of judicial bias, asserted as the fifth ground of his petition, is procedurally barred. A federal habeas court is precluded from reviewing a petition if the state court's rejection of the argument rested on "independent and adequate state grounds." Coleman v. Thompson, 501 U.S. 722, 736 (1991); Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000). This occurs when the last state court rendering a judgment in the case clearly and expressly held that its judgment rested on a state procedural bar. Harris v. Reed, 489 U.S. 255, 262 (1989); Jones, 229 F.3d at 118.

Here, the county court denied Bailey's New York Criminal Procedure Law ("C.P.L.") § 440.10 motion and the Appellate Division denied his request for permission to appeal. Docket No. 22. The county court denied Bailey's motion without a hearing, holding that although "[s]ufficient facts appeared in the record to allow for review of the remaining issues raised in defendant's motion . . . , no such appellate review occurred because defendant did not raise them on appeal." Id.

Two exceptions exist which permit a review of a claim otherwise procedurally barred. First, review may occur if a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Restrepo v. Kelly, 178 F.3d 634, 637-38 (2d Cir. 1999). "Cause" requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court," Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 127 (2d Cir. 1995) (citation and internal quotation marks omitted), or that the basis for a claim was not reasonably available to counsel. See Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). Where, as here, no cause has been demonstrated, a court need not determine whether a petitioner suffered actual prejudice. Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985). Second, a procedural default may be excused if a petitioner demonstrates that the failure to consider the claim would result in a "fundamental miscarriage of justice," a standard which requires a petitioner to show that he is "actually innocent." Lebron v. Mann, 40 F.3d 561, 564 (2d Cir. 1994). Bailey has made no showing of cause for his failure to raise the judicial bias claim on direct appeal and none appears from the record. Bailey also makes no claim of actual innocence, nor would the record here support such a claim. Accordingly, neither exception applies.

Therefore, the petition on this ground should be denied as procedurally barred.

### C.  Ineffective Assistance of Counsel

Bailey argues in the first ground of his petition that he was denied the effective

assistance of counsel because his attorney failed to take exception to the trial court's failure to instruct the jury on the issue of identification, take exception to the trial court's failure to instruct the jury with the charge agreed upon by all parties, and address identification issues that arose before and during trial. However, as discussed supra, the first and second arguments were not raised on direct appeal and, therefore, are procedurally barred.

A defendant arguing ineffective assistance of counsel must show that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Counsel's performance must have been deficient and that deficient performance must have prejudiced the defense. Once this is shown, it cannot be said that the result of the proceeding is reliable. United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A defendant must demonstrate that counsel's errors were so serious that the defendant was deprived of a fair trial and that there was a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland, 466 U.S. at 686.

The proper measure of attorney performance is an objective standard of reasonableness in the totality of the circumstances under prevailing professional norms. Id. at 688; Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000). Strategic choices made after investigation of the relevant law and facts are normally not subject to challenge and the reviewing court must be "highly deferential" to counsel's performance. Strickland, 466 U.S. at 688. Additionally, state court findings on such matters are conclusive on the court reviewing the habeas petition if supported in the record. 28 U.S.C. § 2254(d); Summer v. Mata, 455 U.S. 591, 592 (1982).

Here, the Appellate Division rejected Bailey's claims that his trial counsel's

agreement to avoid motion practice by entering into a voluntary disclosure agreement with the prosecution and his waiver of a Wade hearing[8] constituted ineffective assistance of counsel. See Bailey, 743 N.Y.S.2d at 613-14. The court noted that "[a]s a result of the voluntary disclosure agreement, more evidence was disclosed to counsel than would ordinarily be available through motion practice." Id. at 614. Further, Bailey signed the voluntary disclosure agreement with counsel present. See RA. 4-5. As to the waiver of the Wade hearing, the court found that Bailey's trial counsel waived the hearing because it "was a condition of maintaining a favorable plea bargain offer." Bailey, 743 N.Y.S.2d at 614. Moreover, Bailey voluntarily waived his right to a Wade hearing even after being advised of the implications of such a waiver. See RA 11-18. Thus, the Appellate Division's findings are supported by the record and, thus, Bailey's ineffective assistance claims are without merit.

Therefore, the petition on this ground should be denied.

### D. Prosecutorial Misconduct

### 1. Exhaustion

Bailey contends in the second ground of his petition that the prosecutor failed to give notice of his intent to introduce a statement from Investigator James that he had an opportunity to identify Bailey two weeks prior to the arrest. Respondent contends that Bailey failed to exhaust this claim because he did not advise the state court of the federal nature of his claim.

---

[8]See United States v. Wade, 388 U.S. 218 (1967) (establishing standards for the admissibility of identification evidence).

To "fairly present" a constitutional claim, a claim must be asserted such that the state court has notice and an opportunity to consider and correct the asserted constitutional defect. While the claim need not recite chapter and verse of the Constitution, it must inform the state of a specific factual and legal basis for the claim and "call to mind a specific right protected by the Constitution." Daye, 696 F.2d at 191-94. Petitioners must provide adequate notice to the state courts that they are to decide federal constitutional claims. Such notice may include (a) reliance on federal or state cases employing constitutional analysis, (b) assertion of the claim in terms which call to mind a specific right protected by the Constitution, or (c) allegation of a pattern of facts well within the mainstream of constitutional litigation. See id. at 194; Jones v. Vacco, 126 F.3d 408, 413 (2d Cir.1997).

Here, Bailey argued on direct appeal that the prosecutor's failure to provide him with notice of James' testimony violated C.P.L. § 710.30. See SR. 207-12. However, Bailey framed his argument exclusively as a state claim under § 710.30, citing only New York State case law to support his contention. Thus, this argument cannot fairly be construed to invoke a federal constitutional right. See Pereira v. Superintendent, Wyoming Corr. Facility, No. Civ. 04-3445 (SLT), 2005 WL 2038618, at *7 (E.D.N.Y. Aug. 22, 2005).

Therefore, the petition on this ground should be denied as procedurally barred.

### 2. Merits

Bailey contents that the prosecutor also violated discovery rules, gave false and misleading arguments, bolstered the credibility of his witness, became an unsworn witness, gave instructions to the jury, misstated the record during summation, failed to give notice of intention of certain evidence to be used during trial, and made inflammatory remarks during

summation. Respondent contends that these claims are without merit.

The Due Process Clause of the Fourteenth Amendment guarantees defendants the right to a fair trial. U.S. Const. Amend. XIV, § 1. Prosecutorial misconduct violates this due process right when the misconduct alleged is so severe and is of sufficient significance to infect the trial resulting in the denial of the defendant's right to a fair trial. Greer v. Miller, 483 U.S. 756, 765 (1987); Blissett v. Lefevre, 924 F.2d 434, 440 (2d Cir. 1991). In evaluating a claim of prosecutorial misconduct, the alleged misconduct must be placed into context and the court should consider the severity of the alleged misconduct, the curative measures taken, and the likelihood of conviction absent any misconduct. Blissett, 924 F.2d at 440. The court should then determine if the petitioner has shown actual prejudice in light of the totality of the circumstances surrounding the trial court conviction. Samuels v. Mann, 13 F.3d 522, 526-27 (2d Cir. 1993).

Here, a review of the prosecutor's conduct during the trial shows that there was no conduct that was so severe as to deprive Bailey of a fair trial. In addition, absent the alleged misconduct, it is likely that Bailey would nevertheless have been convicted based on the evidence presented at trial. Further, the Appellate Division considered and rejected Bailey's arguments that the prosecution committed misconduct. Bailey, 743 N.Y.S.2d at 614.

Therefore, the petition on this ground should be denied.

### E. Insufficiency of Evidence

Bailey contends in the third ground of his petition that the People failed to prove his guilt beyond a reasonable doubt. Respondent contends that the Appellate Division's

-10-

decision was not contrary to or an unreasonable application of federal constitutional law and that Bailey's conviction is supported by substantial evidence.

A defendant who claims that the evidence was not sufficient to sustain a conviction bears a very heavy burden." United States v. Pierce, 224 F.3d 158, 164 (2d Cir. 2000). The Second Circuit has maintained that the weight of the evidence and the credibility of the witnesses are determinations for the jury and are not grounds for reversal. See United States v. Vasquez, 267 F.3d 79, 91 (2d Cir. 2001). "[T]he critical inquiry on review of the sufficiency of the evidence . . . [is] to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). This inquiry asks the court to determine if, "after viewing the evidence in the light most favorable to the prosecution, . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319; see also Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000).

Here, Bailey contends that there was no evidence directly linking him to the sale or possession of drugs and that the court adopted one officer's conflicting testimony over another. However, the weight of the evidence and the credibility of witnesses are determinations for the jury and do not constitute grounds for reversal. See Vasquez, 267 F.3d at 91. Further, the Appellate Division reviewed the record and found that there was "sufficient evidence of both possession and sale [of a controlled substance] on the part of [Bailey]." Bailey, 743 N.Y.S.2d at 613. The court noted that not only did Bailey indicate to Barksdale that he had drugs, in both transactions the drugs were not delivered to the undercover agents until Bailey was in receipt of the money. Id. Thus, there was sufficient evidence to sustain Bailey's conviction.

Therefore, the petition on this ground should be denied.

### F. Harsh and Excessive Sentence

Finally, Bailey contends in the fourth ground of his petition that the sentence imposed violated his Eighth Amendment right to be free from cruel and unusual punishment. Respondent contends that this claim is not cognizable for review because the sentence was within the statutory range.

The Eighth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment and prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII; Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433-34 (2001). Relief under § 2254 is available to correct constitutional errors or violations of federal law, thus limiting review to determinations of whether convictions violate the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). If a sentence imposed by a state court is within the limits set by statute, there is no ground for habeas relief. Townsend v. Burke, 334 U.S. 736, 741 (1948).

Here, Bailey was sentenced for convictions of two class B felony offenses and was also an admitted second felony offender. See Bailey, 743 N.Y.S.2d at 612-13. Under New York's sentencing scheme for second felony offenders convicted of a class B felony, the maximum term of imprisonment must be set between nine and twenty-five years and the minimum term must be one-half of the maximum term set by the sentencing court. See N.Y. Penal Law §§ 70.06(3)(b), 70.06(4)(b) (McKinney 2004). Thus, Bailey could have been sentenced to twelve and one-half to twenty-five years imprisonment. However,

Bailey's sentence of ten to twenty years imprisonment fell well within the prescribed range. Further, the Appellate Division held that Bailey's sentence was "neither harsh nor excessive given his criminal history and the fact that the sentence is less than the maximum authorized." Bailey, 743 N.Y.S.2d at 614. Thus, the sentence imposed was within the statutory limit and, therefore, affords no basis for habeas relief.

The petition on this ground should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**.[9] Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAY WILL PRECLUDE APPELLATE REVIEW**. Roland v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d cir. 1989); 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated:  December 29, 2006
        Albany, New York

_____
United States Magistrate Judge

---

[9] See also note 1 supra.